IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-0901-WJM

LORI MICHELLE CAIRNS,

     Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

     Defendant.

---

## ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE

---

This social security benefits appeal is before the Court under 42 U.S.C. § 405(g). Plaintiff Lori Michelle Cairns ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits.  The denial was affirmed by an administrative law judge, who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act").  This appeal followed.

For the reasons set forth below, the ALJ's decision denying Plaintiff's application for Social Security disability benefits is AFFIRMED.

## I.  BACKGROUND

Plaintiff Lori Michelle Cairns ("Plaintiff") was born on March 31, 1972 and was 36 years old on the alleged disability onset date.  (Admin. Record ("R.") (ECF No. 13) at 73.)  Plaintiff has at least a high school education and past relevant work experience as a bookkeeper, property manager, office manager, and accountant.  (R. at 20-21.)

Plaintiff filed an application for a period of disability and disability insurance benefits on February 4, 2010, alleging that she had been disabled since March 1, 2009[1] due to several impairments, including brain injury, cognitive deficit, anxiety, depression, post traumatic stress disorder, and pain in the neck and back.  (R. 73.)  Plaintiff's claim was reviewed by Disability Examiner Stanley Cook, with the assistance of Dr. Mark Berkowitz, Psy.D.  (R. 72-83.)  Plaintiff's application was initially denied on June 4, 2010.  (R. 11.)  After requesting a hearing, Plaintiff's claims were heard by Administrative Law Judge ("ALJ") Michael G. Heitz on August 26, 2011.  (R. 28.) Plaintiff, consulting physician Dr. Robert Pelc, and vocational expert Martin Rauer testified at the administrative hearing.  (*Id.*)

On September 13, 2011, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[2]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2009. (R. 13.)  At step two, he found that Plaintiff suffered from neck pain, back pain, headaches, cognitive deficit from mild traumatic brain injury, depression, anxiety disorder, and post traumatic stress disorder, all of which were severe impairments.  (R. 14.)  At step three, the ALJ found that Plaintiff's impairments, while severe, did not meet

---

[1]  Plaintiff originally alleged an onset date of December 5, 2007, but this was later amended to March 1, 2009.  (R. 11.)

[2]  The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.*)  The ALJ assessed Plaintiff's residual functional capacity ("RFC"), finding that she had the ability to perform a range of "light" work as defined by the regulations.  (R. 15.)  With regard to mental limitations, the ALJ found that Plaintiff had a mild deficit in her ability to carry out, understand and remember simple instructions, and a moderate deficit with regard to complex instructions and complex decisions.  (*Id.*)  Given this RFC, at step four the ALJ found that Plaintiff could not perform her past relevant work.  (R. 20.)  At step five, the ALJ found that there were jobs that exist in the national economy that Plaintiff could perform with her limitations.  (R. 21.)  Specifically, based on the vocational expert's testimony, the ALJ found that Plaintiff could work as a small product assembler and an electronics worker.  (R. 21-22.) Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and therefore was not entitled to benefits.  (R. 22.)

On February 8, 2013, the Appeals Council denied Plaintiff's request for review. (R. 1.)  Thus, the ALJ's September 13, 2011 decision is the final administrative action for purposes of review.

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  "It requires more than a scintilla, but less than a

preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not

substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*,

399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision,

the Court may neither reweigh the evidence nor substitute its judgment for that of the

agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if

the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a

lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir.

1993).

### III.  ANALYSIS

This appeal is straight-forward.  Plaintiff filed a five page opening brief, which

included only one page of argument, and failed to file a reply brief.  (ECF No. 21.)

Plaintiff raises only two arguments.  First, Plaintiff contends that the ALJ erred by failing

to afford appropriate weight to certain medical opinions offered by Dr. Mary Ann

Keatley, Plaintiff's treating neurotherapist, and Dr. Mark Berkowitz, the original

examiner for the Social Security Administration.  (*Id*. at 3-4.)  Plaintiff also alleges that

her RFC fails to account for her inactility to stay on task.  (*Id*. at 4-5.)  The Court will

address each of these alleged errors below.

### A.     Treating Physician

The opinion of a treating physician is generally "entitled to great weight because

it reflects expert judgment based on continuing observation of a patient's condition over

a prolonged period of time."  *Williams v. Chater*, 923 F. Supp. 1373, 1379 (D. Kan.

1996).  However, an ALJ may disregard that opinion if it is contradicted by other

medical evidence, or otherwise inconsistent with substantial evidence in the record.

*See Marshall v. Astrue*, 315 F. App'x 757, 759-60 (10th Cir. 2009); 20 C.F.R.

§ 404.1527(d)(2).  If a treating physician's opinion is not given controlling weight, the

ALJ must determine what weight, if any, the opinion deserves, considering the following

factors:

> (1) the length of the treatment relationship and the frequency of
> examination; (2) the nature and extent of the treatment relationship,
> including the treatment provided and the kind of examination or testing
> performed; (3) the degree to which the physician's opinion is supported by
> relevant evidence; (4) consistency between the opinion and the record as
> a whole; (5) whether or not the physician is a specialist in the area upon
> which an opinion is rendered; and (6) other factors brought to the ALJ's
> attention which tend to support or contradict the opinion.

*Id.* at 1301 (internal quotations omitted).  The ALJ need not explicitly discuss each

individual factor.  *See Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007).

Nevertheless, the ALJ must consider every factor in determining the weight to be

assigned to a medical opinion, and "if the ALJ rejects the opinion completely, he must

then give specific, legitimate reasons for doing so."  *Watkins*, 350 F.3d at 1301; *see* 20

C.F.R. § 404.1527(d)(2); Soc. Sec. Ruling (SSR) 96–2p, 1996 WL 374188, at *4.

Plaintiff argues that the ALJ erred by failing to consider certain medical opinions

from Dr. Keatley, her treating neurotherapist.  (ECF No. 21 at 4.)  However, the failure

to mention a particular medical opinion does not mean that the ALJ failed to consider

that opinion altogether.  "The record must demonstrate that the ALJ considered all of

the evidence, but an ALJ is not required to discuss every piece of evidence."  *Clifton v.

Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

5

The record here shows that the ALJ considered Dr. Keatley's opinions, and that he provided his justification for not giving those opinions controlling weight.  (R. 18-19.)  The ALJ noted that some of the opinions offered by Dr. Keatley were outside of her specialization (which was noted by Dr. Keatley herself).  (R. 19.)  The ALJ also found that Dr. Keatley's opinion as to the severity of Plaintiff's symptoms was not supported by the objective medical evidence in the record, including medical tests performed by Dr. Keatley.  (*Id*.)  There is substantial evidence in the record to support both of these findings, and these are both valid bases for assigning little weight to Dr. Keatley's opinions.  *See White v. Massanari*, 271 F.3d 1256, 1260 (10th Cir. 2001) (ALJ may discount opinions when they are inconsistent with other medical evidence); *Watkins v. Barnhart*, 350 F.3d at 1301 (ALJ may consider whether a medical opinion falls within the physician's specialization).  As such, the Court finds that Plaintiff has failed to show that the ALJ erred in how he weighed Dr. Keatley's medical opinions.

B.    **Other Medical Opinions**

Plaintiff alleges that the ALJ erred by ignoring evidence opinions of Mark Berkowitz, who was the original examiner on Plaintiff's Social Security application.  (R. 72-83.)  Specifically, Plaintiff points to Dr. Berkowitz's opinion that she has "moderate" difficulties in maintaining social functioning, as well as concentration, persistence and pace at work.  (R. 80.)

First, Plaintiff has failed to cite any authority that requires the ALJ to consider Dr. Berkowitz's opinions when determining whether Plaintiff is disabled.  Dr. Berkowitz is not a treating physician for Plaintiff, and has never personally evaluated her.  His role in

these proceedings was to review the medical evidence that Plaintiff provided with her original application, and assist the evaluator in determining whether Plaintiff had shown that she was disabled.  The proceeding before the ALJ was an appeal of the denial of benefits based on Dr. Berkowitz's review of the evidence.

Moreover, Plaintiff asks the Court to pick out Dr. Berkowitz's opinions that favor her position, and to ignore the others.  For example, Plaintiff ignores Dr. Berkowitz's opinions that she is not significantly limited in her ability to understand, remember, and carry out short and simple instructions, and that she is able to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (R. 80.)  Notably, Dr. Berkowitz's opinions were relied on by the Commissioner to initially deny Plaintiff's application for benefits.  Just as an ALJ must consider all medical opinions when determining whether an applicant is disabled, the Court cannot selectively choose only favorable medical opinions when reviewing the Commissioner's decision.  *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004).  As such, the Court finds that Plaintiff has failed to show that the ALJ erred by not considering Dr. Berkowitz's opinions.

## C.     Plaintiff's RFC

Though Plaintiff does not specifically challenge her RFC, her argument that the ALJ failed to address the mental requirements of the work proposed for her is an implicit challenge to the RFC.  (*See* ECF No. 21 at 5.)  With regard to Plaintiff's mental limitations[3], the ALJ found as follows:

---

[3]  Plaintiff does not challenge the ALJ's assessment of her physical limitations.

> [T]he claimant has a "mild" deficit (defined as slightly limited but generally able to function well) in her ability to carry out, understand and remember simple instructions and make judgments for simple decisions; and "moderate" deficits (defined as more than slight limitation but able to function satisfactorily) in her ability to carry out, understand and remember complex instructions, make complex decisions, interact with the public, supervisors and coworkers, and adjust to usual situations and changes in her routine work settings.

(R. 15.)  Plaintiff contends that this RFC fails to account for the limitations noted by Drs. Keatley and Berkowitz with regard to her ability to maintain employment in light of her difficulties with memory, concentration, and persistence.  (ECF No. 21 at 4.)

The Court acknowledges that there are medical opinions that attribute to Plaintiff more severe limitations than the ALJ included in the RFC.  (*See, e.g.,* R. 288, 295, 310.)  However, there is also substantial evidence in the record that supports the mild and moderate limitations contained in the RFC.  For example, Dr. Lemmon's evaluation showed that Plaintiff has above average working memory and average learning skills. (R. 356-57.)  Dr. Pelc testified at the hearing consistent with the RFC.  (R. 45-47.) Finally, the evidence regarding Plaintiff's daily living activities is consistent with the ALJ's limitations in the RFC.

Plaintiff's arguments on this point essentially ask the Court to reweigh the medical evidence and arrive at a different conclusion than the Commissioner.  The Court cannot do this.  *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (reviewing court cannot reweigh medical evidence or substitute its judgment for that of the Commissioner); *White v. Barnhart*, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002) (same).  The Court finds that there is substantial evidence to support the RFC

formulated by the ALJ.  Therefore, Plaintiff has failed to show any error.

### III.   CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

The Clerk shall enter judgment in favor of Defendant.

Dated this 30th day of May, 2014.

BY THE COURT:

_____

William J. Martinez
United States District Judge